UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

    Plaintiff,

v.

Fadi Hammoud,

    Defendant.

Case: 2:15-cr-20126
Judge: Tarnow, Arthur J.
MJ: Patti, Anthony P.
Filed: 03-05-2015 At 03:20 PM
INDI USA V. HAMMOUD (TAM)

VIO: 18 U.S.C. § 1344 – Bank Fraud
18 U.S.C. § 1341 – Mail Fraud
18 U.S.C. § 1028A – Agg. Id. Theft

## INDICTMENT

THE GRAND JURY CHARGES:

### GENERAL ALLEGATIONS

At all times pertinent to this indictment:

1. Defendant FADI HAMMOUD was the resident, and at times the owner, of the home located at 7601 Miller Road (Miller), Dearborn, Michigan.

2. Wells Fargo Bank (Wells Fargo) and National City Bank were financial institutions as defined by Title 18, United States Code, Section 20, whose deposits were insured by the Federal Deposit Insurance Corporation.

3. The first mortgage on Miller was held by Wells Fargo and the second mortgage was held by National City Bank. Defendant HAMMOUD was the borrower.

4. **"Short Sale"** was a term used in the banking industry to describe the sale of real estate for less than the outstanding mortgage or lien on the property. Short sales often involved forgiveness of the residual debt after the sale based on the borrower's inability to pay.

5. **"Short Sale Affidavit"** was a document Wells Fargo required HAMMOUD to submit in conjunction with his application for short sale relief. The Short Sale Affidavit confirmed, among other things, that the sale was an "arm's length" transaction between parties who are unrelated and unaffiliated by family, marriage, or commercial enterprise, that there were no agreements, understandings or contracts between the buyer and HAMMOUD, and that HAMMOUD would remain in Miller as a tenant or later obtain title or ownership of Miller.

6. **Grange Insurance** was an insurance provider located in Columbus, Ohio, who offered homeowner insurance policies to policy holders in Michigan, among other states.

7. All dates are alleged to be "on or about" the specific date stated.

## COUNT ONE
*18 U.S.C. § 1344 – Bank Fraud*

8. Paragraphs 1 – 5 and 7 of the General Allegations are hereby realleged and incorporated by reference.

9. From in or about August 2011, and continuing through in or about August 2012, in the Eastern District of Michigan, defendant FADI HAMMOUD devised and executed a scheme to obtain money, funds and property owned by and under the control of Wells Fargo by means of materially false and fraudulent pretenses, representations, and promises.

10. As part of this scheme, HAMMOUD, with intent to defraud, did the following:

    A. In August 2011, HAMMOUD began negotiating with Wells Fargo for short sale approval on Miller.

    B. In September 2011, HAMMOUD, convinced his friend, B.M., to purchase Miller from HAMMOUD with the agreement that HAMMOUD would continue to live in Miller and B.M. would transfer title back to HAMMOUD in several months.

    C. HAMMOUD assured B.M. that he would take care of everything, including providing the money needed for B.M. to purchase Miller from HAMMOUD.

3

D. On June 5, 2012, HAMMOUD submitted and caused to be submitted to Wells Fargo a Short Sale Affidavit in support of his application for short sale relief. HAMMOUD, with intent to defraud, signed the Short Sale Affidavit certifying and affirming under penalty of perjury that the sale of Miller to B.M. was an "arm's length" transaction and that there were no agreements or understandings that HAMMOUD would continue to live in the Miller house as a tenant or later obtain title.

E. As he intended, after consideration of the materially false and fraudulent representations and promises HAMMOUD made in the short sale affidavit and during the negotiation process, Wells Fargo approved the short sale of Miller.

F. On August 2, 2012, at the closing of the Miller short sale, HAMMOUD, with intent to defraud, again signed a Short Sale Affidavit certifying and affirming under penalty of perjury that the sale of Miller to B.M. was an "arm's length" transaction and that there were no agreements or understandings that HAMMOUD would continue to live in the Miller house as a tenant or later obtain title.

11. This was all in violation of Title 18, United States Code, Section 1344.

## COUNTS TWO THROUGH FOUR
*18 U.S.C. § 1341 – Mail Fraud*

12. Paragraphs 1 and 6 – 7 of the General Allegations are hereby realleged and incorporated by reference.

13. From in or about January 2013, and continuing through in or about March 2013, in the Eastern District of Michigan, defendant FADI HAMMOUD devised and executed a scheme to obtain money from Grange Insurance by means of materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing said scheme, defendant FADI HAMMOUD knowingly caused mail to be delivered by the U.S. Postal Service.

14. As part of the scheme, HAMMOUD, with intent to defraud Grange Insurance, did the following without B.M.'s knowledge or consent:

    A. On or about August 8, 2012, HAMMOUD, posing as B.M. applied for a homeowner's insurance policy from Grange Insurance in the name of B.M. for 7601 Miller Road, Dearborn, Michigan.

    B. On January 14, 2013, HAMMOUD, posing as B.M. and providing the policy number issued to B.M., called Grange Insurance to initiate a new claim due to water damage caused to Miller and its contents as a result of a burst bathroom pipe.

    C. From January 14, 2013 through March 2013, HAMMOUD, posing as B.M., submitted numerous false and fraudulent claims to Grange

5

Insurance in B.M.'s name including, but not limited to rent reimbursement and personal property damaged as a result of the burst pipe.

D. As a result of the fraudulent scheme, from January 14, 2013 through March 2013, HAMMOUD received and cashed over $337,000 in insurance claims checks made payable to B.M.

15. Each of the following constitutes a separate count of mail fraud:

| Count | Approximate Date of Mailing | Description of Mailing |
|---|---|---|
| 2 | January 17, 2013 | Grange Insurance check for $1,000 payable to Billy Mukhal for "ALE- Advance Payment" |
| 3 | January 30, 2013 | Grange Insurance check for $17,500 payable to Billy Mukhal for "Four Months Rent and Security Deposit" |
| 4 | February 21, 2013 | Grange Insurance check for $160,122.44 payable to Billy Mukhal and Axium Investment Corp for "ACV of Structure" |

16. This was all in violation of 18 U.S.C. § 1341.

## COUNT FIVE
*18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft*

17. On or about January 14, 2013, in the Eastern District of Michigan, the defendant, FADI HAMMOUD, did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), specifically, mail fraud in violation of 18 U.S.C. § 1341, all in violation of 18 U.S.C. § 1028(A).

## FORFEITURE ALLEGATIONS

18. The allegations contained above are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of any property, real or personal obtained by the defendant, FADI HAMMOUD, by commission of the offenses charged in Counts 1-5 pursuant to the provisions of Title 18, United States Code, Sections 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

19. If the property described above as being subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the defendant:

   i.  cannot be located upon the exercise of due diligence;
   ii. has been transferred or sold to, or deposited with, a third party;
   iii. has been placed beyond the jurisdiction of the Court;
   iv. has been substantially diminished in value; or

has been commingled with other property that cannot be subdivided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek the forfeiture of any other property of the defendant to satisfy a forfeiture judgment.

THIS IS A TRUE BILL

/s/ GRAND JURY FOREPERSON
GRAND JURY FOREPERSON

BARBARA L. MCQUADE
United States Attorney

/s/ FRANCES LEE CARLSON
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI  48226
(313) 226-9696
frances.carlson@usdoj.gov

Dated: March 5, 2015

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover** | Case: 2:15-cr-20126<br>Judge: Tarnow, Arthur J.<br>MJ: Patti, Anthony P.<br>Filed: 03-05-2015 At 03:20 PM<br>INDI USA V. HAMMOUD (TAM) |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete it accurately in all respects.

## Reassignment/Recusal Information
This matter was opened in the USAO prior to August 15, 2008 [ ]

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** |
| ☐ Yes ☒ No | AUSA's Initials: _FL_ |

Case Title: USA v. _Fadi Hammoud_

County where offense occurred: _Wayne_

Check One: ☒ Felony   ☐ Misdemeanor   ☐ Petty

```
___Indictment/___Information --- no prior complaint.
 ✓ Indictment/___Information --- based upon prior complaint [Case number: 14-MJ-30362]
___Indictment/___Information --- based upon LCrR 57.10 (d) [Complete Superseding section below].
```

## Superseding Case Information

Superseding to Case No: _____   Judge: _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|
| | | |

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

March 5, 2015
Date

_/s/ Frances Lee Carlson_
Frances Lee Carlson

---

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

04/13